PLOTKIN, Judge,
dissenting with written reasons:
I respectfully dissent.
By his second assignment of error the defendant claims that the trial court erred in denying his motion to discover Falcon’s taped and written statements. The majority concludes that this assignment has no merit because the defendant failed to show how he has been prejudiced by the denial of the report.
I disagree. The record is clear that Falcon made at least one prior inconsistent statement, in contradiction of his testimony at trial. Once that fact became obvious during the trial, the defendant should have been given the opportunity to inspect other statements made by the State’s witness. Obviously, the defendant cannot explain how he has been prejudiced by the denial of statements when he has no idea what those statements might reveal. The majority’s decision, which puts an impossible burden on the defendant, is incorrect.
The fact that this court previously denied the defendant access to the statements he now seeks on a pre-trial motion should not dictate the same result now. The facts have changed. Previously, this Court determined that the State was not required to produce the requested report. However, once the defendant proved at trial that he had reason to believe that the report might contain exculpatory statements, because the statements might impeach the State’s main witness, the State should be required to produce those reports under the provisions of La.C.Cr.P. art. 718, which addresses discovery by the defendant of all documents and tangible evidence which “are favorable to the defendant and which are material and relevant to the issue of guilt or punishment.” La.C.Cr.P. art. 718(1).
Additionally, the majority fails to address the real issue when it speculates, that even if the reports contain inconsistencies similar to the one revealed in court, it would not be helpful to the defendant. Perhaps the report contains enough inconsistent information that the cumulative effect would be sufficient to raise a reason *411 able doubt that the defendant was in fact guilty of the crime for which he was convicted. If that is the case, the defendant would certainly have been prejudiced by the trial court’s decision on this issue. For that reason also, I disagree.
For the above and foregoing reasons, I would reverse the trial court’s decision denying defendant’s motion for production of the reports and remand the case for retrial.